UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY PERKINS, | ) |
|         Plaintiff, | ) |
| v. | ) No. 1:25-cv-01847-JPH-MKK |
| CITY OF INDIANAPOLIS, MARION COUNTY SHERIFF'S DEPARTMENT, MARION COUNTY COMMUNITY CORRECTIONS, | ) |
|         Defendants. | ) |

**ORDER DISMISSING COMPLAINT AND OPPORTUNITY TO SHOW CAUSE**

Plaintiff Larry Perkins filed this action alleging civil rights violations pursuant to 42 U.S.C. § 1983 against the City of Indianapolis, the Marion County Sheriff's Department, and Marion County Community Corrections. For the reasons that follow, this case is **dismissed** pursuant to the Court's screening authority under 28 U.S.C. 1915(e)(2).

## II.
## Screening Standard

Pursuant to Fed. R. Civ. P. § 1915(e)(2), the Court must "dismiss the case at any time if [it] determines that . . . the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Schillinger v. Kiley, 954 F.3d 990, 993 (7th Cir. 2020). Under

that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## III.
## The Complaint

Pursuant to the Rule 12(b)(6) standard, "the well-pleaded facts in the complaint [are taken] as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

On September 16, 2023, Marion County Sheriff's Department deputies raided Mr. Perkins' residence "allegedly in connection with a misdemeanor warrant." Dkt. 1 at 2. During the raid, Mr. Perkins was tased, which caused him pain and injury. *Id.* He requested medical treatment but was "threatened . . . with a resisting law enforcement charge if he sought care." *Id.* Mr. Perkins alleges Marion County Community Corrections then "filed false charges" against him. *Id.*

## IV.
## Dismissal of the Complaint

2

Mr. Perkins argues that Defendants' conduct constituted excessive force, a deliberately indifferent denial of medical care, and malicious prosecution in violation of the Fourth and Fourteenth Amendments. Dkt. 1 at 2–3. He further argues Defendants are liable for these alleged violations pursuant to *Monell*. *Id.*[1]

Mr. Perkins acknowledges that each Defendant he has identified is a municipal entity. Dkt. 1 at 2. Municipal entities may only be held liable under 42 U.S.C. § 1983 when "an execution of a government's *policy* or *custom*, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978) (emphasis added). Here, Mr. Perkins generally alleges that "Defendants' actions were the result of policies, practices, or customs of the City of Indianapolis, the Marion County Sheriff's Department, and Marion County Community Corrections." Dkt. 1 at 3. But this allegation is a "label" or "conclusion," which cannot survive a motion to dismiss. *Twombly*, 550 U.S. at 555. *See also McCauley*, 671 U.S. at 617–18 (finding that plaintiff's allegations that "[The City,] . . . at the level of official policy, practice, and custom . . . authorized, tolerated, and institutionalized the

---

[1] Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Mr. Perkins has identified the theories he wishes to use—excessive force, deliberate indifference to medical care needs, and malicious prosecution. Where a *pro se* litigant has expressly stated the legal theories he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2020) (citing *Clancy v. Off. of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606–07 (7th Cir. 2009)). Thus, the court analyzes Mr. Perkins' claims only under the theories he has identified.

3

practices" were not "factual allegations and as such contribute nothing to the plausibility analysis").  The facts Mr. Perkins' presents do not allow the Court to draw a reasonable inference that any given Defendant "established a policy or practice" of engaging in excessive force, deliberate indifference to medical needs, or malicious prosecution.  *See id.* at 618.  For this reason, Mr. Perkins' complaint must be **dismissed** for failure to state a claim.

## V.
## Conclusion and Opportunity to Show Cause

Mr. Perkins' complaint is dismissed for failure to state a claim pursuant to the Court's 28 U.S.C. § 1915(e)(2) screening authority.  He has **through December 9, 2025,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . ., the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**SO ORDERED.**

Date: 11/19/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LARRY PERKINS
2705 East Troy Avenue
Indianapolis, IN 46203